### DEN *v.* DEN *et als.*

An officer will not be presumed to have exceeded his authority, especially the officer of a foreign Government.

*Prima facie,* the Governor of California under the Mexican dominion had the power to make a grant of Mission lands to an individual, and a demurrer to a complaint setting forth such a grant, on the ground of want of authority in the Governor, is not sustainable.

APPEAL from the District Court of the First Judicial District, County of Los Angeles.

The complaint sets forth that in 1846, Pio Pico, then Constitutional Governor of California, gave a nine-years lease to the defendants, N. A. Den and D. A. Hill, of the Mission of Santa Barbara, in the present county of the same name, on certain conditions for the return of the stock, etc., on the Mission lands, at the end of the term. That subsequently, and on the 10th of June, 1846, Pio Pico, as Governor, in consideration of the sum of $7,500, needed by the Mexican Government, for the purpose of defending the country, as set forth in the grant, a copy of which is annexed to the complaint, granted the Mission, with the reversion of all its lands, stock, and property, except the church, to the plaintiff, Richard S. Den, subject to the lease of defendants; that the term of the lease has expired, and that plaintiff has demanded a return of the stock of the defendants according to the terms of the lease; that defendants have wholly refused so to do, and that the value of the stock is $50,000, for which plaintiff prays judgment.

The defendants in their answer, after a general denial, deny specially that the grant of plaintiff was executed or delivered until long after the dominion over the lands had passed from the Mexican nation; they deny the right of the Governor at the date of the grant, or at any subsequent time, to grant the land on credit; they deny his right to grant Mission lands on any terms, the title to the same being in members of the Catholic Church as trustees, or in the Mission Indians; and they aver the grant to be void for uncertainty of description as well as want of authority in the Governor.

The plaintiff demurred to the answer as irrelevant, and on the ground

that the defendants were estopped by their lease from making such defence.

After filing of plaintiff's demurrer, the defendants moved to dismiss the complaint, which was argued with the demurrer. The Court sustained the defendants' motion and dismissed the complaint under plaintiff's exception. Plaintiff appealed.

*J. Hartman* for Appellant.

1. The defendants by answering the complaint waived their right to move to dismiss it.

2. It was the duty of the Court before entertaining any such motion to dispose of the issue of law made by the demurrer.

3. The issue made by defendants' motion was one of fact, requiring proof, and entitling either party to a jury.

4. The defendants were estopped from making the defence set up by them, by having accepted a lease of the land from Pico, and having enjoyed the benefits of it for nine years.

*Long, Judah & Dunlap* for Respondent.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Chief Justice MURRAY concurred.

The action of the Court may be considered as sustaining a demurrer to the declaration, because either the motion to dismiss may have been treated as a demurrer, or the plaintiff's demurrer to the answer may have been first visited upon the bill.

Viewing it in this, the most favorable light, for the defence, the decision of the District Court was erroneous. *Prima facie* the Governor of California under the Mexican dominion had the power to make the lease and grant set out in the bill, under the general doctrine that an officer will not be presumed to have exceeded his authority, especially the officer of a foreign government. If there are any facts or reasons to overcome this presumption they should be shewn.

There is no brief or argument on the part of the respondents, filed in this case; consequently there is nothing tending to shew the invalidity of the grant, on which the plaintiff rests his claim.

The judgment is reversed and the cause remanded.